FILED

10 MAY 18 PM 2:55

CLERK, U.S. DISTRICT COURT
SOUTHERN DIST.... OF CALIFORNIA

                                                            DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD NASH,<br><br>                    Plaintiff,<br>vs.<br>LIFE INSURANCE COMPANY OF NORTH AMERICA, an Illinois corporation; LONG TERM DISABILITY INSURANCE PLAN FOR ADMINISTAFF OF TEXAS INC. AND PARTICIPATING COMPANIES a group of welfare benefits plans under ERISA,<br><br>                    Defendants. | CASE NO. 08cv893 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Joint Motion to Manually File Unredacted Administrative Record Under Seal. (Doc. # 51). The parties contend redacting social security numbers, dates of birth, the names of minor children, and financial account numbers from the administrative record is "impracticable" because the record is "approximately 4,500 pages" long. *Id.* at 2.

Pursuant to Federal Rule of Civil Procedure 5.2(a),

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer-identification

number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court orders an undredacted version filed under seal, it may subsequently "order the person who made the filing to file a redacted version for the public record."*Id.*

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1278-79. "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1278-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only be an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.3d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985)).

In order to seal the administrative record in this case, as opposed to simply redacting the portions which must be redacted pursuant to Federal Rule of Civil Procedure 5.2(a), the parties must satisfy the "compelling reason" standard established by *Foltz* and *Kamakana*. *See Fotlz*, 331 F.3d at 1135; *Kamakana,*447 F.3d at 1278-79. The parties' motion is solely based on the difficulty of redacting 4,500 pages of documents, a task which they contend is "impracticable." The work of redacting these documents is not a "compelling reason" to

override the public's right of access to court records. While it may be burdensome for the parties to comply with Federal Rule of Civil Procedure 5.2, the Court finds that any burden to the parties does not overcome the "strong presumption in favor of access to court records." *See Kamakana*, 447 F.3d at 1278-79.

**IT IS HEREBY ORDERED THAT** the Joint Motion to Manually File Unredacted Administrative Record Under Seal is **DENIED**. (Doc. # 51).

DATED: 5/18/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE